May I please the court? I'm here today on behalf of the city of Almaty. Your name is? My name is Roman Martinez, Your Honor. I represent the city of Almaty. Okay. And I'm here today because the city is trying to recover millions of dollars in stolen assets that defendants are hiding in the United States. Their complex scheme of corruption and money laundering touches on a number of different countries, but this particular action is based entirely on violations of U.S. law that occurred in the United States, and we seek to recover only those assets that are actually located here. We chose to sue in California, and that choice was entitled to deference, but the district court applied no deference. It dismissed the cases, and it told us to sue in Switzerland instead. That was an abuse of discretion for three main reasons. First, defendants have not shown that the Swiss forum is either adequate or available, and in reality, it's quite unlikely that these cases Could you do me a favor and clarify just two points? Sure. So as I understand the doctrines in play here, you need to do the other side, you need to make two points or three points. One, an adequate alternative forum, which consisted of the defendants being amenable to service of process, willing to be sued in the alternative forum, and that there is a remedy in the forum, right? That's right, yes. Okay, so on service of process, that didn't seem to be an issue. Is that correct? Your Honor, the defendants had the burden of showing that they're available, in other words, that they can be sued, that they need to make clear that the Swiss court can actually hear the case. They did not submit any evidence suggesting that or conceding that they can be sued in Switzerland. Well, when you filed your opposition that you filed in the district court, you didn't really say, well, you know, they haven't shown that they We didn't go into a lot of detail on this point. It's kind of a thin response? Your Honor, I think it was thin on both sides. I think their motion covered this issue in four pages or so. Do you think that's in play here as part of our analysis, that they haven't shown that they're amenable to service of process? I think it's perfectly appropriate for this court to enforce the burden that was on them. And so I think for them to prevail, they need to show that the Swiss forum was, in fact, available. And they haven't shown that. I think that they're really trying to have it both ways on this issue. Aside from the service question, there is also the question whether there is an available remedy in Switzerland. Yes. Now, it is true that both sides were, gave this all short shrift. Maybe nobody really believed in it very much, and then the judge picked it up, because there was a whole lot of briefing about other things that the judge never decided. But the result is that the record doesn't the only thing that's pointed to that would be a cause of action in Switzerland is this civil procedure connected to criminal That doesn't seem possible, that Switzerland doesn't have some cause of action or remedy for fraud, just a general civil fraud remedy. Well, Your Honor, I think the question is whether Switzerland provides a civil remedy for money laundering that occurred in the United States. And as you said, the district court pointed to the possibility of an adhesive civil claim. But there are three reasons why that adhesive civil claim is not an adequate remedy. And let me just run through them very quickly. First, there's no criminal proceeding that's actually ongoing in Switzerland. An adhesive civil claim is an adjunct to a criminal prosecution. There's been an investigation that's going on for five years, but the Swiss prosecutors haven't sought, brought an indictment, and there's no actual prosecution. So there's nothing for the civil claim to adhere to. That's reason number one. Reason number two is, even if there was a criminal prosecution, there is, it's very unclear under Swiss law whether there is, in fact, a civil remedy for money laundering, even for money laundering that occurred in Switzerland. You don't have to take my word for this. You can look at the source that the defendants themselves cited in the district court and the district court itself cited in its opinion, and that's the La Sala case from the Southern District of New York. And if you look at 510 F. Supp. 2nd at pages 233 to 234 of the La Sala case, what the court does there is it looks at expert affidavits and declarations that were filed on both sides, and it says that the one thing that the experts in this case can agree on is that the existence of a civil remedy for money laundering in Switzerland is a complex question that is, quote, unsettled and unresolved under Swiss law. And so how does that come out in a form of nonconvenience? You would say that the burden is on the defendants and they can't demonstrate. Exactly, Your Honor. They didn't submit any expert declarations here. They didn't submit any expert declarations, and that's, of course, the way that defendants almost always litigate questions of foreign law. They submit declarations. And what they did do is they pointed to La Sala, and La Sala was a case in which experts weighed in on both sides. And what the court said, actually agreeing with the experts, was that Swiss law was totally confused on this issue, and the words it used were complex, unsettled, unresolved. Now, if the defendants in this case had the burden to show that the Swiss civil remedy is adequate and they did have that burden, they can't do that if the source that they themselves point to says that the question is unresolved under Swiss law. And I think the third point just to make about why the adhesive civil claim is not an adequate remedy is that even if in general you could bring adhesive civil claims and even if in general there was a civil remedy for money laundering under Swiss law, that civil remedy would only go as far as the Swiss criminal prohibition on money laundering. And that prohibition, as far as we can tell, does not apply extraterritorially to money laundering that occurred inside the United States. Now, our complaint is all about, it's totally limited to the predicate acts that form the basis of our RICO claim are limited to predicate acts of money laundering that occurred in the United States. Just to give an example, we talk about in our complaint certain transactions where Elvira Krapenow bought a house in Beverly Hills. She then sold that house, used the proceeds to buy a different house in Studio City. She then transferred ownership of that house in Studio City to a family trust, all as part of the scheme to hide the proceeds of the corruption here. All of those acts occurred inside the United States. But they don't violate Swiss criminal law, as far as we can tell. Swiss criminal law criminalizes money laundering in Switzerland. Now, in your view, is this issue dispositive so the rest of it doesn't matter? Absolutely. It's a threshold issue. It's a threshold requirement. They had the burden of showing adequacy. And for those three reasons, we don't think that they can discharge the burden. I'll just add the district court, when discussing adequacy, also pointed to three other things. And let me just run through them. They pointed to a request that the Kazakh federal government had made to the Swiss authorities that made allegations that the defendants had violated Swiss law with respect to certain transactions in Switzerland. We don't take issue with the fact that if you launder money in Switzerland, that might violate Swiss law. But that's not enough to satisfy their burden of showing that there's an adequate remedy in Switzerland, an adequate civil remedy, a civil claim for money laundering that occurred inside the United States, which is what our complaint is all about. The two other things that the district court pointed to, one was the La Sala case itself, which, as I've discussed, affirmatively undermines their point by saying that the Swiss law question is unresolved and unsettled. And the final thing that the district court pointed to was the Yavuz case from the Tenth Circuit. That case did not involve money laundering at all, and I noticed that the defendants don't even rely on it in their brief to this court. So for all those reasons, we don't think that Switzerland has an adequate remedy. If we were to agree with you on this, it would have ramifications, I presume, for the ultimate litigation in the sense that you would have to stick to your limited representations, right? I mean, if you start trying to litigate money laundering in Switzerland, you're going to run into your premises here. That's absolutely correct, but, Your Honor, we don't shy away from that. Those are the allegations that we made in the complaint. The complaint basically talked about a two-part scheme, and we said this starting in Paragraph 1 of the complaint. It goes throughout the narrative section of the complaint. Even when we discuss the RICO claims, we say this is a scheme that had two objectives. Objective number one, steal money from Kazakhstan. Objective number two, launder and hide the money in the United States. Now, it's true that the money in between went through Switzerland, but that's not the basis of our complaint at all. If you read the complaint, I think that's clear. If you read the opposition that we filed to their motion to dismiss, it's even more clear. We say on Page 11 that the predicate acts alleged as the basis for Ahmadi's RICO claims are entirely domestic. So in your theory that this is dispositive, it appears that some of these defendants had a lot more connection to the United States than others. But you would say that doesn't – the fact that some of them may have had marginal connections to the United States wouldn't matter because of this threshold problem? Right. I think it's a threshold problem that applies to all of the defendants. And so the threshold – if they can't satisfy their burden at the threshold, then they lose on form of nonconvenience with respect to everyone. I do think that it's important to note that the defendants in this case, there are 12 total defendants, and I think that even if you did get into looking at where they are, I think it would be entirely fair to bring this case in California. And let me just say a word about that. There are six individual defendants across the two cases. Four of those six individual defendants either live here or own homes and significant property here. So four of the six individuals – Or did at some point. I thought of the two who don't live here. It's not clear they currently own property. Well, I think there are four who don't sort of – the complaint doesn't say permanently live here, but two of those actually own very expensive homes and have made very significant investments in other things here in the United States. So four of the six either live here or own homes here. Of the corporate defendants, five of the six are incorporated in the United States. One of them is incorporated in the British Virgin Islands. So if you take that as a whole, you've got nine of the 12 defendants who either live here, own homes here, or are incorporated here. And so even if that were the only factor, that would be a perfectly appropriate basis for suing here. Again, there were personal jurisdiction issues raised too, but they're not an appeal to us. Right. The personal jurisdiction was briefed, I believe, in the case involving the defendants, the Victor case, the Victor Krapenow case. And so that would be open for the district court to consider if we were to prevail on the motion on the forum nonconvenience issue. I think it's important too with respect to the residents of the defendants. The district court did not decide the personal jurisdiction? No, I think the district court just ruled on the basis of forum nonconvenience. I see. Okay. Sorry. I was just going to say, assuming you were to get over all these procedural hurdles, and you get down and if you got to the merits of this case, you still would have to tell the story about what happened in Kazakhstan, correct? We would have to tell the story about what happened in Kazakhstan. And the district court seemed to be concerned about that. Well, I think with respect to what happened in Kazakhstan, it's true that we would have to show that the money was stolen from Kazakhstan in the first place. But that's true whether we sue here or whether we sue in Switzerland. And there's no real reason to think that a Swiss court is better positioned to adjudicate, you know, the underlying wrongdoing in Kazakhstan. And it's your position you can prove the predicate acts as the basis for your RICO claim, that they occurred here in the United States? That's right. The predicate acts that are the basis for the RICO claim all occurred here in the United States. Separate from what happened in Kazakhstan? We would have to show that. Yeah, no, I understood, but. We would have to. So the predicate acts for the RICO claim, just to take one of them, is acts of money laundering, which would require us to show certain financial transactions. We would be able to show that those financial transactions occurred with the requisite intent here in the United States. Now, one of the elements of the money laundering cause of action would be that the money that was being laundered was the proceeds of illegal activity. And so for that, we would have to show that there was illegal activity in the first place in Kazakhstan. But none of that would require us to show any wrongdoing in Switzerland. Illegal under Kazakhstan law? I'm sorry? Illegal under Kazakhstan law? Yes. Yes. Has RICO ever been applied that way? I believe that I'm not aware of a specific case involving Kazakhstan, but I think that. I'm in Kazakhstan, but I mean in general, where the illegality is somewhere, is in violation of laws of a different country. Well, just to be clear, Your Honor, the violations of RICO and of the predicate underlying statutes are all violations of U.S. law. I understand that, but in order for it to be a violation of American money laundering law, there has to be an underlying illegality. Yes. Which has to be, which you agree is, would have to be in Kazakhstan. So this is not material to the current appeal, but I'm just curious about whether there's ever been a case set up that way. I can't cite a specific case, but my understanding is that there are many cases in which there's illegal conduct abroad and then money laundering. Let me ask you this. Yes. Now, in the real world, the only real chance you have for recovery from your client is here. Is that right? We think that with respect to the assets that are located here, this is, of course, the easiest and the most straightforward place for us to recover, absolutely. And because we don't think that, we think there's a significant question of whether there's a civil remedy available to us in Switzerland, we think, you know, that's why we're here. We're trying to track down the money. The defendants have dispersed their ill-gotten gains throughout the world. We're trying to track it down and recover it wherever we're able to do so. You also suggested at some point that there was a vacuum with regard to the enforceability. If there were a judgment in Switzerland to whether they would enforce it against assets here. Right. I think it presents significant practical problems. We'd have to chase the money around in all sorts of different jurisdictions and file all sorts of different separate actions to enforce that judgment. With the court's permission, I'd like to reserve the balance. Okay. That's fine. Thank you. We'll hear from the other side. Thank you. Good morning. May it please the court. Jan Hanslick on behalf of the appellees and the defendants below. At the outset, I wish to note that I only count two individuals in California who own property. I'm not sure where appellant finds four individuals or persons in California. When he says two are resident here and two, I thought at least at some point owned property here, a different two. Whether they still own property, I don't know. Well, that may be the case, but those defendants are part of the Switzerland. The defendant that may have owned property here is one of the Switzerland defendants, not in the United States. Well, I know. That's what he said. He said there are two residents here and two who own property here, although they're not residents here. All right. The matter before the court is simply stated whether or not the district court judge abused his broad discretion in this matter when he decided that Switzerland was not only an adequate forum but the better forum for these claims. What's the remedy in Switzerland? Well, Switzerland has laws just like the United States. Where in the record do you demonstrate what those laws are and what the violations are with some expert opinion? I know nothing about Switzerland law. Well, the ‑‑ And the way you usually prove up what the law of a foreign country is is through expert declarations. I didn't see an expert declaration from your side in the record, and I've looked for it. Well, there was one expert declaration, perhaps relating to other issues, which talked about the laws of Kazakhstan. No, I'm talking about the law of Switzerland that establishes the basis for your claim that these plaintiffs could go to Switzerland and file the same kind of lawsuit and get the same relief in Switzerland. Where is that in the record? It is not in the record. Then you've not met your burden. Well, Your Honor, the defendants, the plaintiff itself in the court below did not dispute. Your burden. It's your burden. You're the one who's telling the district court that there's an adequate remedy in Switzerland, and you need to demonstrate that. It's your burden. Yes, Your Honor, and we accepted that burden and argued. Where? Well, there is no expert declaration on Kazakhstan. And I'm a ‑‑ you know, you haven't convinced me of anything about Switzerland. Well, the court, on the basis of the record that was before it, below ‑‑ with regard to a criminal proceeding, but there is no criminal proceeding. Is that correct? Well, there is ‑‑ there was a criminal investigation. There is no criminal ‑‑ Right, but until there's an actual case, there's no ability to go in and litigate anything. Well, Almaty is actually pursuing civil remedies in Switzerland now. Well, fine, but there isn't one at this point. Well, Your Honor, the ‑‑ We don't know if there will ever be one. So there's your burden problem again. Well, the court, if in fact that is a fatal flaw, then that requires reversal and further findings in the court below. I understand that. But the plaintiff didn't argue these things in the court below. We argued. Well, you didn't argue much either. I mean, my impression of this is you didn't believe it when you raised it, and they answered it in passing, and the district judge pulled it out of the hat kind of because there were a lot of other issues that you really were litigating. You sort of threw this in, but you didn't throw it in very seriously, as Judge Pius suggests. I mean, there are ways this issue is litigated when it's serious, and you didn't do it. Well, if it wasn't litigated in a serious fashion, Your Honor, it's because it wasn't contested by plaintiff. And for us to ‑‑ But the burden is on you. We felt we had met that burden, and we still do. Now, if in fact ‑‑ and plaintiff is raising things now on appeal that weren't raised in the court below on this issue as well as others. If plaintiff ‑‑ But you were also, because you did not ‑‑ you said sort of in passing that there was this adhesive possibility, but you didn't deal with how it was going to operate here since there is no criminal proceeding going on. Or whether it would go to money laundering in the United States. Obviously, it would also depend on what the criminal proceeding was. And if there was no allegation of money laundering in the United States, then there wouldn't be an adhesive claim for it, would there? Well, that's up to the plaintiffs in the Swiss proceeding to make those claims, Your Honor. No, it isn't. Because as far as we know from this record, they are just the creature of whatever the prosecutor in Switzerland decides to do. They don't have control over it. Well, in terms of the criminal case, that may be true. Although under Swiss law, they can file the adhesive claim. But they can only file an adhesive claim, adhesive to whatever the criminal case is, right? Well, but the ‑‑ And we don't know what the criminal case is or if there ever will be one. But we also don't know if there is one, whether it's going to reach these claims. Well, the plaintiff also has the ability, in fact, has the ability to initiate its own civil claim in Switzerland. Well, how do we ‑‑ that's the part that's not in the record at all. At the time, at the time, and it is outside the record. Because at the time of these proceedings before Judge Olguin, those proceedings, as I understand it, had not been initiated. But after the ruling by Judge Olguin, and, of course, this appeal was taken ‑‑ After what? After the district court's ruling. Yes. They sought ‑‑ they have sought civil relief in Switzerland. It's not in the record because it took place after. So you're suggesting that if we reverse it, there's going to be a second round of this? I would think so, Your Honor. Do you get to do that? You get to do it again? Well, I suppose that's up to the district court judge. If, in fact, there is a ‑‑ Well, I think we would have something to say about that. Well, I don't disagree with that, Your Honor. I don't disagree with that. I mean, there's a lot of other issues that you ‑‑ I mean, I agree with Judge ‑‑ when I read this, I was amazed. I read your motions in the district court, you know, what you filed in the district court. I'd like to go back because I spent some time there, and I'd like to go back just to see how these things are keyed up in the district court. And Judge Berlant is absolutely correct. I mean, you had a lot of other issues that you raised on the 12b-6 about whether they can instate a claim. Well, that's ‑‑ But the district court went off on this forum nonconvenience issue that was kind of inadequately supported by an expert declaration. You just can't point to other ‑‑ Well, Your Honor ‑‑ You know, if you can tell me what the remedy is, what remedy they have available to them right now in Switzerland, you know, I'm happy to take another look. But you're going to have to point to something in the record that supports that. Well, I may have difficulty on that latter aspect or that prong. First of all, this was the third complaint filed by plaintiffs. The district court dismissed the first two basically on failure to state a claim. Third time around, Your Honor, is correct. There were arguments regarding 12b-6, but also forum nonconvenience, which had been raised earlier, too. And the district court decided this on a fairly narrow ground without getting into the issues of whether or not they had stated an adequate claim. In response to the court's earlier question, or the court's question, about would we have ‑‑ would this happen again if we were to be ‑‑ if this were to be reversed and remanded to the district court, if there is a flaw in the proof or the arguments that we ‑‑ the evidence that we adduce to the district court regarding Kazakh law or anything else I assume that we would be able to present those issues to the district court. It's not about Kazakh law. It's about Swiss law. It's both, really, Your Honor. It's both. But in terms of the adequate forum, in terms of the adequate forum, it would deal with Swiss law. That's correct. In addition to that, the district court said for ‑‑ this case as pled is focused on things that happen in the United States. Is that right? Yes, it is. That makes it extremely odd to have the notion that it should be tried somewhere else. Most of the cases that we see that are forum nonconvenience cases have to do with things that happen somewhere else. The issues here are here, and the notion that there may have to be ‑‑ I mean, what's odd about this is no one is arguing for Kazakhstan as the forum, presumably because it's an exceedingly inadequate forum. So, therefore, as between Switzerland and the United States, it's very mysterious as to why Switzerland is a better place to litigate money laundering in the United States by people, some of whom are here. Your Honor, in responding to your question about the complaint being focused on acts here, yes, that's the way the complaint was drafted, so that it appears to be a RICO case predicated on acts of money laundering. And he's going to have to prove it up, as we said earlier. If he starts going off into things that happen in Switzerland, I assume the judge will say that's not what this case is about and it can't be. Without ‑‑ as a matter of fact, in Appellant's argument, they conceded, stated to the Court, that in order for there to be an act of money laundering in the United States, there has to be an illegal act that took place someplace else. In Kazakhstan. In other words, the proceeds ‑‑ In Kazakhstan, right. Well, and the evidence from Kazakhstan as to whether or not any sort of fraudulent fraud took place or misappropriation took place is based upon voluminous evidence involving 80 real estate transactions. Okay. And must be interpreted, whether it's in the U.S., Switzerland, or Kazakhstan, would have to take into account the law of Kazakhstan. Fine. But why does that make Switzerland a better forum? Well, but also because the monies from Kazakhstan that were purportedly taken from Kazakhstan by fraud went through Switzerland. And so the allegations of money laundering in Switzerland, thus, are based on Swiss law, too. So a district court judge in Los Angeles would have to ‑‑ this is the tail end of whatever scheme the plaintiffs have alleged. In fact, in order to prove the very discreet ‑‑ In any event, again, the burden is on you with regard to the personal factors, for example. Yes. The district judge should not treat it as if the burden was on you. And he speculated, for example, that it would be easier to get evidence from Kazakhstan to Switzerland to the United States. Why? It's those things on an airplane. What difference is where the airplane is going? Well, the majority of the evidence, the vast majority of the evidence, is in either Kazakhstan or Switzerland. Many of those, or if not all of those documents, are in ‑‑ But at one point he said, for example, Switzerland is closer to Kazakhstan than the United States. I have been to Kazakhstan, and it's not particularly close to Switzerland. In fact, it's very far away. Well, I think it's closer in relative terms. But on that factor, Your Honor, the judge was obviously interpreting the record that was before him and the arguments that had been made by parties and the submissions that had been made. And we argued and substantiated the fact that all of the transactions, the very minor amount of dollars or transactions that took place in the United States, they're all predicated on things that took place years ago in some cases, back when almost when Kazakhstan was still part of the Soviet Union and it's still ruled by the same person at that who was in power. I understand all of that, but you're not arguing for a trial in Kazakhstan. So I don't understand what difference any of that makes. Well, on top of that, Your Honor, the monies that were purportedly taken by fraud in Kazakhstan, which would have to be determined, went through Switzerland and were allegedly laundered through Switzerland. And so the Swiss, the Swiss law. But the Swiss courts would have the same problem because they were then allegedly laundered here. So they would have to look at what happened here, and we'd have to look at what happened there. It doesn't make them any better or worse. Well, I would. Because, again, I mean, you can hold them to the fact that this case is only about money laundering in the United States. If they start wandering off into money laundering in Switzerland, they can't litigate that. But that's a different question. I respectfully disagree, Your Honor. You can't establish, they could not establish money laundering in the United States without establishing illegal acts in other jurisdictions in this case. And the monies we're talking about, $300 million, they allege, from 80 transactions in Kazakhstan, allegedly went through Switzerland. But do they have to approve it was illegal in Switzerland? What's the difference if it was illegal in Switzerland as opposed to it went through Switzerland? Well, we would contend, Your Honor, it wasn't illegal anywhere. But putting that aside, taking the complaint on its face, the allegations believed to be true at this point are that all of those monies went through Switzerland. Okay. And they were laundered through Switzerland and in violation of Swiss law. But do they have to, in order to make their case out here, do they have to prove any illegality in Switzerland as opposed to that it went through Switzerland? Well, yes, Your Honor, they'd have to prove, and they would seek to prove that there were illegal acts in Switzerland which had followed the illegal acts that took place in Kazakhstan. And all of that would require documents and witnesses, all of whom or all of which are not here and not in the United States, but rather are in either Switzerland or Kazakhstan. So in order to basically make the case here, which is really based upon, for the most part, bank records or real estate records, which are easily transportable to another jurisdiction. Easily transportable here to the United States as well. Well, but that is true, Your Honor. But since the acts which were supposedly the criminal acts, the predicate criminal acts leading to the alleged money laundering in the United States, have to be shown and proven, you could only do that through Swiss witnesses, Swiss evidence or documents in Switzerland, which in turn would have to be based on or have to draw upon. I really don't understand that. There's obviously a tracing problem. So what happened in Kazakhstan wasn't Kazakhstan. It doesn't have to do with Switzerland. They have to prove that illegal things happened in Kazakhstan and that money went through Switzerland and came here and was caught laundered or whatever that means here. But I don't understand why it matters whether what happened in Switzerland was legal or illegal in Switzerland. All that matters is following the money. Well, it doesn't matter, strictly speaking. Right. I mean, if someone took a suitcase full of money from Kazakhstan to Switzerland and then got on a plane to the United States, I agree. I agree. And if it had been stolen in Kazakhstan. Or if they put it in a bank in Switzerland and then transferred to the United States. It doesn't matter whether they illegally put it in a bank in Switzerland. Well, the allegations in Switzerland are that that's exactly what happened, that the money was taken illegally from Kazakhstan. But to take Your Honor's point for a moment, the fact of the matter is to establish that the monies were taken illegally from Kazakhstan and then went through Switzerland in what are purported to be other illegal transactions would require, and the vast majority of the evidence and witnesses are either in Switzerland or in Kazakhstan. They're not here. They're not here. The only persons who are here are the only elements of the case here are the two defendants who live here and then various corporations.  Thank you. Thank you, counsel. Judge Pregerson has a question. We had a – I think you had your first trial before me. I did, Your Honor. And that was about 1968. 71. 71. Or 72. I know I look older than that. What? No. And was Ed Wallin with you at the time? Ed had left the U.S. Attorney – Mr. Wallin had left the U.S. Attorney's Office at that time. At that time? At that time, yes, Your Honor. What was the case about? Theft of a welfare check? I think it was a treasury check taken from a post office box and then uttered by the defendant – forged and cashed by the defendants. But I had several trials in front of Your Honor, too. And I did very well in all of them, by the way. Well, you're doing fine. Thank you, Your Honor. Thank you, counsel. Thank you. May I please the court? You had about a minute, so make your point. Yes. Two quick points, Your Honor. First, I think the defendants have conceded that there's nothing on Swiss law in this record and they've done nothing to dispute their own authority, which the La Sala case, which itself makes clear that Switzerland law is unsettled on the question of whether there's a civil remedy for money laundering. That's a threshold reason for them to lose. Secondly, I think a defendant also conceded that the complaint in this case is focused entirely on the events here in the United States. And so because that's true, the district court clearly erred when it relied on a misunderstanding of the complaint to rest on Switzerland-based violations of Swiss law. Is my understanding correct that, yes, you'll have to show that money moves through Switzerland, but whether it moves through Switzerland legally or illegally doesn't matter? That is exactly correct, Your Honor. If Switzerland law said money laundering was 100 percent legal, if all of the conduct here were totally legal, totally okay, under Swiss law our claims would not be any different. It's just a tracing issue. And so the defendant, I think, maybe misspoke when he said that we would have to somehow prove a violation of Swiss law. We wouldn't. With respect to the witnesses in the case as well, we've identified specific witnesses, the escrow agent, the accountant, people who were involved in the various real estate transactions at issue here who are based in the United States. We don't anticipate having to call any live witnesses from Switzerland. I think there are bank records in Switzerland that may be relevant, but those are obviously something that could easily be put into a PDF and sent over here. So this case really is centered on the United States and it belongs here. What is your understanding of what would happen if we reversed? Would they get a second chance to demonstrate what they haven't demonstrated yet? No, absolutely not, Your Honor. I don't think they get a second bite at the apple to re-litigate questions of Swiss law. It was their burden to litigate the first time. I'm not aware of any authority that says that you get to bring repeated forum nonconvenience motions. And so I think that this record is adequate for you to conclude that they haven't satisfied their threshold burden and that's the end of it for forum nonconvenience motions. Just a quick return to the 12B6 matters that were pinned in. Sure. I think the issues that weren't decided weren't decided. But I think defendants counsel, as I understood him to be arguing earlier today, I understood him to be saying that if he loses now, he gets another chance to introduce new evidence of Swiss law. We don't think so. Thank you, Your Honor. Thank you, counsel. Thank you, counsel, just in case matters submitted.
judges: Pregerson, Paez, Berzon